JS 44 CAND (Rev. 12/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| BE IN, INC., a New York corporation | GOOGLE, INC., a California corporation; RICHARD ROBINSON, an individual, and Does 1 through 3, inclusive |

| (b) County of Residence of First Listed Plaintiff  New York County | County of Residence of First Listed Defendant  Santa Clara County |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| (c) Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Joseph E. Addiego III  415.276.6500<br>DAVIS WRIGHT TREMAINE LLP<br>505 Montgomery Street, Suite 800<br>San Francisco, CA  94111 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [X] 3  Federal Question *(U.S. Government Not a Party)*
- [ ] 2  U.S. Government Defendant
- [ ] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 400 State Reapportionment |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ | | | [ ] 410 Antitrust |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | [ ] 430 Banks and Banking |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | Product Liability | | [X] 820 Copyrights | [ ] 450 Commerce |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 460 Deportation |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 480 Consumer Credit |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 371 Truth in Lending | [ ] 720 Labor Mgmt. Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities Exchange |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Med. Malpractice | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 865 RSI (405(g)) | [ ] 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | [ ] 895 Freedom of Information Act |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | [ ] 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | [ ] 896 Arbitration |
| [ ] 220 Foreclosure | [ ] 441 Voting | **Habeas Corpus:** | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | [ ] 550 Civil Rights | [ ] 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | [ ] 448 Education | [ ] 555 Prison Condition | [ ] 465 Other Immigration Actions | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Copyright Act of 1976, 17 U.S.C. §101 et seq., and the Lanham Act, 15 U.S.C. § 1051 et seq.

Brief description of cause:
Copyright infringement, trade dress infringement, misappropriation of trade secrets, civil conspiracy

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

## IX. DIVISIONAL ASSIGNMENT (Civil L.R. 3-2)

*(Place an "X" in One Box Only)*   [ ] SAN FRANCISCO/OAKLAND   [X] SAN JOSE   [ ] EUREKA

June 28, 2012
DATE

SIGNATURE OF ATTORNEY OF RECORD

1 | Joseph E. Addiego III (CA State Bar No. 169522)
DAVIS WRIGHT TREMAINE LLP
2 | 505 Montgomery Street, Suite 800          E-filing
San Francisco, California 94111
3 | Telephone:  (415) 276-6500
Facsimile:  (415) 276-6599
4 | Email:  joeaddiego@dwt.com

5 | William E. Wallace III (Pro Hac Vice Application Pending)
Ian A. Taronji (Pro Hac Vice Application Pending)
6 | CLIFFORD CHANCE US LLP
2001 K Street, N.W.
7 | Washington, D.C.  20006
Telephone:  (202) 912-5045
8 | Facsimile:  (202) 912-6000
Email:  William.Wallace@CliffordChance.com

9 | Attorneys for Plaintiff
10 | BE IN, INC., a New York corporation

FILED

JUN 2 8 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

11

12 |           IN THE UNITED STATES DISTRICT COURT        MEJ

13 |            THE NORTHERN DISTRICT OF CALIFORNIA

14 |                    SAN JOSE DIVISION   CV 12 3373

15 | BE IN, INC., a New York corporation        )  Case No.
                                               )
16 |              Plaintiff,                    )  COMPLAINT FOR COPYRIGHT
                                               )  INFRINGEMENT, TRADE DRESS,
17 |       v.                                   )  MISAPPROPRIATION OF TRADE
                                               )  SECRETS, AND CIVIL CONSPIRACY
18 | GOOGLE, INC., a California corporation,     )
RICHARD ROBINSON, an individual, and          )
19 | DOES 1 through 3, inclusive,               )
                                               )  Demand for Jury Trial
20 |              Defendants.                    )
                                               )
21 |

22 |       Plaintiff, BE IN, INC. ("Be In" or "Plaintiff"), by and through its counsel, for its Complaint

23 | against Defendants, GOOGLE, INC. ("Google") and RICHARD ROBINSON, allege as follows:

24 |                        NATURE OF THE ACTION

25 |       1.    Be In incorporated in 2008 in the State of New York and is engaged in the business

26 | of creating and marketing online social media platforms that provide the means for groups of

27 | people to interact through chat and webcam.

28 |       2.    Be In maintains the CamUp website (www.camup.com) which allows several

DAVIS WRIGHT TREMAINE LLP

1  individuals to join a video chat by webcam, and share online media such as videos in a dedicated
2  video chat room. Be In has won awards and accolades for its innovation and creativity in
3  developing the CamUp platform.

4      3.   Google is a large, multinational corporation providing Internet-related products and
5  services including its ubiquitous search engine, and its recently released social media platform,
6  Google+.

7      4.   Representatives from Be In met with Richard Robinson ("Mr. Robinson"), Google's
8  Head of Business Markets (UK), in London in May 2011, to discuss the possibility of a business
9  collaboration between Google and Be In. At this meeting, and after Google agreed to prevent any
10 unauthorized use or disclosure of confidential information provided from Be In to Google, Be In
11 provided a live demonstration of its CamUp product, and proposed that a "Watch with your
12 friends" button be embedded within all YouTube[1] pages, allowing users to initiate a CamUp
13 session directly from YouTube. The "Watch with your friends" button had not been launched,
14 shared, or released to the public at any time prior to this May 2011 meeting. Mr. Robinson
15 requested and was provided documents including Be In's business and marketing strategy for
16 monetizing the CamUp product and "Watch with your friends" button.

17     5.   At no time during or after the May 2011 meeting did Mr. Robinson indicate that
18 Google was independently developing a product or feature that was identical to CamUp. Nor did
19 he indicate that Google had independently determined to embed a "Watch with your friends"
20 button for any of its products or services on YouTube pages. To the contrary, he expressed great
21 interest in Be In's CamUp product and business and marketing strategy.

22     6.   After this meeting, Mr. Robinson failed to respond to several follow-up
23 correspondences from Be In. Also subsequent to the meeting, Be In noted a dramatic spike in user
24 traffic to the CamUp site, in particular from Mountain View, California, where Google is
25 headquartered. Many of these visitors stayed on the site longer than the typical user.

26     7.   In or around June 2011, Google released Google+, which includes a feature called
27 Hangouts, a video chat platform similar in look and feel to CamUp. Google also embedded a

28

DAVIS WRIGHT TREMAINE LLP

[1] Google owns YouTube.

1 Hangouts "Watch with your friends" button on its YouTube pages, virtually identical in text and
2 overall appearance to the CamUp button that Be In proposed to Google at the May 2011 London
3 meeting.

4     8.    Plaintiff asserts the following claims against Google, Mr. Robinson, and/or John
5 Does Nos. 1-3: (1) infringement of CamUp's trade dress in violation of Section 43(a) of the
6 Lanham Act, 15 U.S.C. § 1125(a); (2) infringement of copyright in the audiovisual elements of the
7 CamUp website, in violation of the Copyright Act of 1976, 17 U.S.C. § 501; (3) misappropriation
8 of Plaintiff's trade secrets – in particular, the "Watch with your friends" button, placement of the
9 button, and business plan for monetizing the CamUp feature on YouTube – in violation of the
10 California Uniform Trade Secrets Act, Cal. Civ. Code § 3426 et seq.; and (4) civil conspiracy
11 among Google and others within the Google organization (to be identified) to misappropriate
12 Plaintiff's trade secrets.

13     9.    Plaintiff has suffered and continues to suffer irreparable harm, loss and/or damages in
14 an amount in excess of $75,000.00.

15     10.   By this action, Plaintiff seeks all monetary damages to which it is entitled, including
16 actual and punitive damages and lost profits, and also seeks to enjoin the Google+ Hangout
17 platform as a result of its infringement of CamUp's trade dress and copyright.

18 **PARTIES**

19     11.   Be In is a New York corporation, with its principal place of business in New York
20 City, New York. Be In is the creator of CamUp, an online portal where users can upload and
21 embed videos, photos and songs and share these media in real time with multiple users that are
22 able to access this media in a virtual video chat.

23     12.   Google is a Delaware corporation, with its principal place of business in Mountain
24 View, California. Google markets Google+, which includes a feature called Hangouts, which
25 purports to serve a similar function as CamUp.

26     13.   Upon information and belief, Richard Robinson is Google UK's Head of Business
27 Markets and is a resident of the United Kingdom.

28     14.   Upon information and belief, John Doe #1 is an employee or representative of

DAVIS WRIGHT TREMAINE LLP

1 Google or any affiliated entity, and participated in the conspiracy to misappropriate Be In's trade
2 secrets.

3      15.   Upon information and belief, John Doe #2 is an employee or representative of
4 Google or any affiliated entity, and participated in the conspiracy to misappropriate Be In's trade
5 secrets.

6      16.   Upon information and belief, John Doe #3 is an employee or representative of
7 Google or any affiliated entity, and participated in the conspiracy to misappropriate Be In's trade
8 secrets.

9                              **JURISDICTION AND VENUE**

10      17.   This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 1331 by
11 virtue of the federal questions presented under the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and the
12 Copyright Act of 1976, 17 U.S.C. §101 *et seq.*

13      18.   This Court also has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 by
14 virtue of the diversity of the parties, and because the amount in controversy exceeds $75,000.00.

15      19.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), because Google's
16 principal place of business is Mountain View, California, located within this judicial district, and
17 transacts business in this district.

18                              **INTRADISTRICT ASSIGNMENT**

19      20.   Pursuant to Civil L.R. 3-2(c), this action should be assigned to the San Jose district
20 because this action arises in Santa Clara County. *See also* Civil L.R. 3-2(e).

21                                        **FACTS**

22      21.   In 2009, Be In developed the first version of their online social media platform,
23 called GigIn. GigIn allowed six individuals to simultaneously collaborate in a virtual music studio
24 through webcam or chat.

25      22.   In 2010, the second version of the platform was introduced, this time allowing up to
26 ten individuals to connect and view the same media.

27      23.   In 2011, the latest version of the platform was introduced to the public under the
28 name CamUp.  Following a period of private Beta testing, CamUp was officially unveiled in

DAVIS WRIGHT TREMAINE LLP

4

1 March 2011, at the South By Southwest Festival in Austin, Texas ("SXSW") and made available
2 at www.camup.com.

3    24.  At all relevant times, CamUp has had a copyright notice on its website stating "©
4 [year] CamUp - Project Your World. Product of BE IN Inc. All Rights Reserved."

5    25.  While at SXSW, representatives from Google, including Marissa Mayer, Vice
6 President of Consumer Products and Local Services, and several Google engineers, visited Be In's
7 booth to learn more about the CamUp product.

8    26.  In April 2011, Be In won the 2011 MIPTV Connected Creativity Ventures startup
9 competition and was voted by a panel of top venture capitalists as the best and most innovative
10 startup of the year.

11    27.  On May 11, 2011, Joseph D'Anna, Co-founder and CEO of Be In, and Nik Miskov,
12 VP of Business Development of Be In, met with Mr. Robinson of Google in London to discuss the
13 CamUp product and possibilities for a business collaboration between Be In and Google. In
14 advance of this meeting, Be In and Google Ireland executed a non-disclosure agreement.

15    28.  During the meeting, Be In shared its confidential trade secrets regarding plans and
16 strategies for potential applications of CamUp in certain business sectors. Mr. D'Anna identified
17 YouTube as the most logical area where partnership between the two companies could be
18 achieved.

19    29.  At this meeting, Be In presented its idea to have a CamUp "Watch with your friends"
20 button appear at the bottom of all YouTube pages with text that read "Watch with your friends on
21 CamUp." This button would allow users to initiate an instant CamUp session from the YouTube
22 page itself. Be In also shared its proprietary business plan and strategy for monetizing the
23 integration of CamUp with YouTube.

24    30.  At the meeting, Mr. Robinson was extremely enthusiastic about the CamUp product,
25 and expressed interest in determining how best to integrate CamUp with Google Docs, as well as
26 possible collaboration in the education space. Mr. Robinson also indicated that he would put Be
27 In in touch with individuals from YouTube to explore further possibility of using the technology
28 on its platform.

DAVIS WRIGHT TREMAINE LLP

5

1    31.    Mr. Miskov sent follow-up correspondence to Mr. Robinson, but received no
2    response.

3    32.    Subsequent to the May 2011 meeting, Be In noted a dramatic spike in user traffic to
4    the CamUp site, in particular from individuals located in Mountain View, California, where
5    Google is headquartered.   These unique site visits averaged almost 40 minutes per visit, much
6    longer than the typical visit from a CamUp user, which is on average 1-4 minutes.   Also, the
7    traffic from these locations was direct, as opposed to having been directed from a search engine or
8    via links from other websites.   Upon information and belief, these CamUp website visits were
9    from Google employees who logged on with the intent of studying the CamUp site prior to their
10   improper launch of Google+ and the Hangouts feature.

11   33.    In or around June, 2011, Google launched Google+, a social networking platform
12   that represents Google's attempt to compete with Facebook.   Google+ includes a feature called
13   Hangouts, which allow users to video chat with up to nine people.

14   34.    In addition, Google added a feature where a user can click on the "Watch with your
15   friends" button on any YouTube page.

16   35.    At the time that Google introduced Hangouts, it embedded a Hangouts "Watch with
17   your friends" button under YouTube videos that was an identical copy of the CamUp button
18   proposed only one month earlier by Be In at the May 2011 London meeting.   Below are screen
19   shots showing the similarities between CamUp's mocked-up proposal for a "Watch with your
20   friends" button included in YouTube and Google's Hangouts "Watch with your friends" button on
21   YouTube[2]:

22
23
24
25
26
27

28   _____
     [2]    The screen shot of the YouTube video with the Hangouts "Watch with your friends" button was captured
     shortly after the release of Google+.   Google has since altered its "Watch with your friends" button to remove the
     identical language that Be In proposed during the May 2011 meeting.

DAVIS WRIGHT TREMAINE LLP

6

**CamUp "Watch with your friends" Button as Proposed to Google During the May 2011 London Meeting:**



**Google's "Watch with your friends" Button as Introduced in Google+ Hangouts in June 2011:**



Complaint for Copyright Infringement, Trade Dress, Misappropriation of Trade Secrets and Civil Conspiracy, Case No.
DWT 19870825v1 0096269-000001

1    36.    The mocked up screen shots included identical language. Be In's proposed CamUp
2  button states "Watch with your friends on CamUp," whereas Google's Hangouts button stated
3  "Watch with your friends. Start a Google+ Hangout."

4    37.    The Google+ Hangouts feature also includes several elements of Be In's proprietary
5  trade dress. Hangouts attempts to replicate the overall look and feel of the CamUp platform,
6  specifically the inclusion of several video chat screens directly underneath a main screen
7  containing video or other media.

8              **FIRST CAUSE OF ACTION: MISAPPROPRIATION OF TRADE SECRETS**

9    38.    Be In incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

10    39.    Be In's idea to include a CamUp "Watch with your friends" button under each
11  YouTube video, and the business plan and strategy for implementing and monetizing these
12  spontaneous video chats, are trade secrets under the California Uniform Trade Secrets Act, Cal.
13  Civ. Code § 3426, et seq. ("CUTSA"), in that these trade secrets are information that derive
14  independent economic value to Be In, and are the subject of reasonable efforts to maintain their
15  secrecy. *See* Cal. Civ. Code § 3426.

16    40.    Google and Mr. Robinson have acquired, disclosed, or used Plaintiff's trade secrets
17  through improper means by utilizing Be In's idea to include a CamUp "Watch with your friends"
18  button under each YouTube video, as well as utilizing Be In's business plan and strategy for
19  implementing and monetizing these video chats.

20    41.    Defendants' actions have damaged Plaintiff by denying Plaintiff any revenue from
21  the implementation of CamUp through the YouTube site. In addition, Google's profits from
22  utilizing its Hangouts feature through YouTube should be disgorged. Plaintiff has suffered and
23  continues to suffer irreparable harm, loss and/or damages in an amount in excess of $75,000.00.

24              **SECOND CAUSE OF ACTION: CIVIL CONSPIRACY**

25    42.    Be In incorporates by reference paragraphs 1 through 41 as if fully set forth herein.

26    43.    Google, Mr. Robinson, and John Does Nos. 1-3 formed and operated a conspiracy to
27  misappropriate Plaintiff's trade secrets. Plaintiff provided its trade secrets to Mr. Robinson who,
28  upon information and belief, transmitted or communicated these trade secrets to Google and John

DAVIS WRIGHT TREMAINE LLP

1  Does Nos. 1-3.

2      44.  Google, Mr. Robinson, and John Does Nos. 1-3 in fact misappropriated Plaintiff's
3  trade secrets in furtherance of this conspiracy.

4      45.  By virtue of the Defendants' unlawful and intentional acts in furtherance of a
5  conspiracy to misappropriate Plaintiff's trade secrets, Plaintiff has suffered, and continues to
6  suffer, irreparable injury and damages in an amount in excess of $75,000.00.

7            **THIRD CAUSE OF ACTION: COPYRIGHT INFRINGEMENT**

8      46.  Be In incorporates by reference paragraphs 1 through 45 as if fully set forth herein.

9      47.  Plaintiff has maintained rights in its copyrighted CamUp product since its
10 introduction in March 2011.

11     48.  Plaintiff submitted an application to the United States Copyright Office for
12 registration of copyright, comprising, *inter alia,* the CamUp web video chat platform, on June 22,
13 2012. The copyright office assigned the application as No. 1-779959021.

14     49.  On information and belief, Google had access to and willfully copied Be In's CamUp
15 web video chat platform in its Google+ Hangouts feature.

16     50.  As a result of this instance of copyright infringement, Plaintiff has suffered, and
17 continues to suffer, irreparable injury and damages in an amount in excess of $75,000.00.

18     **FOURTH CAUSE OF ACTION: FEDERAL UNFAIR COMPETITION;**
19                 **TRADE DRESS INFRINGEMENT**

20     51.  Be In incorporates by reference paragraphs 1 through 50 as if fully set forth herein.

21     52.  Plaintiff has enforceable rights in its proprietary trade dress.  This trade dress
22 includes the following non-functional elements of the CamUp website and social media platform
23 that, as a whole, are protectible: (1) large window containing media – typically video, but it could
24 also contain music and pictures; and (2) placement of logos on top left; (3) similar white and gray
25 color palette; and (4) several windows underneath the large window of media that contain webcam
26 images of participants in the video web-chat.

27     53.  On information and belief, Google knowingly created and is deliberately using
28 screens in its Google+ Hangouts platform that are confusingly similar to CamUp with willful and

*DAVIS WRIGHT TREMAINE LLP*

1  callous disregard to Plaintiff's rights to enforce its trade dress.

2  54. The Google+ Hangouts platform is confusingly similar to the trade dress of the
3  CamUp website, and is likely to cause confusion or mistake, or to deceive users as to affiliation,
4  connection, or association.

5  55. Google has knowingly and willfully copied Plaintiff's source-identifying trade dress
6  of the elements of the CamUp platform described above.

7  56. These acts constitute unfair competition in violation of Section 43(a) of the Lanham
8  Act, 15 U.S.C. § 1125(a).

9  57. Upon information and belief, unless enjoined by an Order of this Court, Google will
10  continue to use screens that it knowingly and intentionally copied from Plaintiff's CamUp
11  platform, and will knowingly and intentionally continue to copy additional screens from CamUp
12  in future versions of Google+ Hangouts.

13  58. By virtue of Google's intentional and unlawful conduct, Plaintiff has suffered, and
14  continues to suffer, irreparable injury and damage to its business reputation and goodwill. By
15  reason of this intentional and unlawful conduct, Google has caused, is causing, and, unless such
16  acts and practices are enjoined by the Court, will continue to cause irreparable harm and damages
17  to Plaintiff in an amount in excess of $75,000.00, and for which Plaintiff is entitled to injunctive
18  relief and monetary damages.

19  **PRAYER FOR RELIEF**

20  WHEREFORE, Plaintiff respectfully requests that this Court grant judgment against
21  Google and Mr. Robinson on the counts detailed above and issue the following relief:

22  1. Preliminary injunction prohibiting Google from using its Hangouts button on
23  YouTube videos;

24  2. Permanent injunction prohibiting Google from using its Hangouts button on
25  YouTube videos;

26  3. Preliminary injunction prohibiting Google from utilizing or maintaining its Hangouts
27  feature on Google+;

28  4. Permanent injunction prohibiting Google from utilizing or maintaining its Hangouts

DAVIS WRIGHT TREMAINE LLP

1  feature on Google+;

2       5.    An accounting of any and all profits of Google attributable to its infringing acts;

3       6.    Monetary damages adequate to compensate Plaintiff for Defendants' acts of trade

4  secret misappropriation, civil conspiracy in furtherance of trade secret misappropriation, copyright

5  infringement and trade dress infringement, including actual and punitive damages and lost profits,

6  in an amount greater than \$75,000.00;

7       7.    Attorney's fees;

8       8.    Pre-judgment and post-judgment interest;

9       9.    Costs of suit herein incurred; and

10       10.    Such other and further relief, including all available monetary and equitable relief, as

11  the case may require and this Court deems just and proper.

12

13  DATED: June 28, 2012

14      Respectfully submitted,

15      DAVIS WRIGHT TREMAINE LLP

16

17      By:     Joseph E. Addiego III

18

19      CLIFFORD CHANCE US LLP
    William E. Wallace III *(Pro Hac Vice application pending)*

20      Ian A. Taronji *(Pro Hac Vice application pending)*

21      Attorneys for Plaintiff
    BE IN, INC, a New York Corporation

22

23

24

25

26

27

28

11

DAVIS WRIGHT TREMAINE LLP

## DEMAND FOR JURY TRIAL

Plaintiff Be In, Inc. hereby demands a trial by jury of all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

DATED this 28th day of June 2012.

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____
Joseph E. Addiego III

CLIFFORD CHANCE US LLP
William E. Wallace III *(Pro Hac Vice application pending)*
Ian A. Taronji *(Pro Hac Vice application pending)*

Attorneys for Plaintiff
BE IN, INC, a New York Corporation

12